# United States District Court
# District of South Carolina

| | | |
|---|---|---|
| Moses Telford Jr.; | ) | C/A No. 0:06-1631-HFF-BM |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Renee Joye; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      The Plaintiff, Moses Telford, is a state prisoner proceeding *pro se*. Plaintiff is incarcerated at the Alvin S. Glenn Detention Center in Columbia, South Carolina, and seeks relief pursuant to Title 42 United States Code § 1983.. He seeks monetary damages from the Defendant for a false arrest or malicious prosecution. He has attached a copy of an arrest warrant to his Complaint which is dated December 1, 2005. Plaintiff was charged with harassment upon a complaint filed by the Defendant.

      Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, the undersigned finds after review of Plaintiff's filing that this *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



**DISCUSSION**

It is not known if the charges against Plaintiff have been dismissed or are still pending. If still pending, federal courts are not authorized to interfere with a State's pending criminal proceedings absent extraordinary circumstances. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971). Plaintiff has failed to allege extraordinary circumstances in this case, and therefore this Court should abstain from exercise of jurisdiction in this matter.

In any event, Plaintiff cannot pursue a claim against this Defendant in this Court under § 1983. In order to state a cause of action under § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999). Here, the Defendant is a private citizen who filed a criminal complaint against the Plaintiff. The filing of a criminal complaint does not in and of itself transform a private individual or corporation into a willful participant in joint action with the State or with an agent of the State; Dennis v. Sparks, 449 U.S. 24, 27-28 (1980); and purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983 or under the Fourteenth Amendment. See Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).[1] Hence, the Defendant's criminal complaint is not action under color of state law. Burke v. Miller, 580 F. 2d 108, 109-110 & n. 3( (4th Cir. 1978). Further, no cause of action can be stated against witnesses in a judicial proceeding as a result of testimony or other such participation in criminal proceedings. See Briscoe v. LaHue, 460 U.S. 325,

---

[1] – Burton involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. §1983 are concerned. West v. Atkins, 487 U.S. 42, 48-49 (1988)(collecting cases)



331-334 (1983).

Plaintiff may conceivably have a claim for intentional infliction of emotional distress and/or malicious prosecution against the Defendant. However, these claims are governed by the common law of South Carolina. See Ford v. Hutson, 276 S.E. 2d 776 (S.C. 1981); Cisson v. Pickens Sav. & Loan Association, 186 S.E. 2d 822 (S.C. 1972); Huggins v. Winn-Dixie Greenville, Inc., 153 S.E. 2d 693 (S.C. 1967); Parrott v. Plowden Motor Company, 143 S.E. 2d 607 (S.C. 1965). Such claims would only be cognizable in this court under the diversity statute, if that statute's requirements were satisfied. Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-791, (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993). However, "diversity" jurisdiction does not exist in this action, since both named parties are from the State of South Carolina.

## CONCLUSION

Based on the foregoing, it is recommended that this action be summarily dismissed without service of process. Plaintiff's attention is directed to the Notice on the following page.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

June 19, 2006
Columbia, South Carolina

3



**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**
